### EMERSON *vs.* LITTLEFIELD.

The title of an execution creditor, under a levy upon the real estate of his debtor, is not affected by notice of a prior conveyance not recorded, the creditor having no knowledge thereof at *the time of the attachment upon his writ.*

THIS was trespass *quare clausum fregit,* brought to try the title to a lot of land, lying in *Wells,* in this county, and was submitted to the Court, upon the following agreed statement of facts.

On the 2*d* of *July*, 1832, *Thomas Boston*, being seized in fee of the lot in question, conveyed it to the defendant, who at the same time and as a consideration for the conveyance, obligated himself to support the grantor and wife, during their lives, mortgaging back the same estate to secure the fulfilment of this obligation. The first deed was not recorded until the 5*th* of *September*, 1833, and the latter in *May*, 1834.

Previous to these conveyances, said *Boston* was indebted to the plaintiff in the sum of $60, on which he commenced his suit, and attached the lot in question on the 13*th* of *May*, 1833. Judgment was obtained and execution duly levied, the following *June*. At the time of the levy the defendant objected thereto, and gave the plaintiff notice of *Boston's* deed to him, of *July* 2*d*, 1832.

*Boston*, and the defendant, had lived together on the premises, from the time of said conveyance.

*Holmes*, for the defendant, endeavored to show that there was no distinction between a subsequent purchaser with notice, and a levying creditor with notice. That, in either case, the attempt to acquire a title after such notice, was a fraud upon the purchaser, and could not be successful.

*Bourne*, for the plaintiff, relied on the case of *Stanley* v. *Perley*, 5 *Greenl.* 369.

WESTON C. J. — It may possibly deserve consideration, whether there may not be ground for distinguishing the case of an attaching creditor, with notice, from that of a second purchaser with notice. The latter, with full knowledge of the facts, lends his aid to the vendor in defrauding the first purchaser. He pays his grantor for what he knows belongs to another. The attaching creditor is seeking an honest debt, and endeavors to save himself from loss, by taking advantage of the negligence of the purchaser, in omitting to record his deed. If notice, however, is equivalent to registry, aside from the ingredient of fraud, as seems now to be generally understood, no such distinction could obtain.

But without resorting to any such ground, the plaintiff is entitled to judgment. His title relates back to the day of the attachment. At that time he had no knowledge whatever of the de-

fendant's deed. He has a right to hold, therefore, although apprized of the deed, when he made his levy. The case of *Stanley* v. *Perley*, 5 *Greenl.* 369, cited for the plaintiff, is expressly in point.

<div align="right">

*Defendant defaulted.*